UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



SHELLY SINCLAIR,

    Plaintiff,

v.    CASE NO. 96-8365-CIV-HURLEY

DEJAY CORPORATION,

    Defendant.

**CLOSED CASE**

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CLOSING CASE AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE came before the court upon the defendant's motion for summary judgment. The plaintiff makes no federal claims; the case is before the court on diversity jurisdiction. Plaintiff's first amended complaint contains three counts, all based on the Florida Civil Rights Act of 1992 (FCRA), FLA. STAT. ch. 760.01-760.11. The defendant argues that it is not an employer under the FCRA. Resolving this motion requires the court to decide whether out-of-state employees may be counted to determine whether the defendant is an employer within the meaning of the FCRA. The court concludes that they may not, and therefore, grants the defendant's motion.

A defendant cannot be liable under the FCRA unless it is an "employer" within the meaning of the statute. Accord FLA. STAT. ch. 760.02(7) (defining employer) with FLA. STAT. ch. 760.10(1)(a) (predicating liability on defendant's status as an employer). Chapter 760.02(7) defines an employer as follows:

    "Employer" means any person employing 15 or more employees for

1

    each working day in each of 20 or more calendar weeks in the current
    or preceding calendar year, and any agent of such a person.

FLA. STAT. ch. 760.02(7) (1997). Hence, unless the defendant qualifies as an employer under this language, it is not liable under the FCRA, c.f. Sanders v. Mayors Jewelers, Inc., 942 F. Supp. 571, 573-74 (S.D. Fla. 1996), and its motion must be granted.

  Defendant, a Tennessee corporation, argues that it is not an employer under the FCRA because, at the time of the operative facts of this case, it did not employ fifteen people in Florida. Defendant concedes, however, that it employs at least fifteen people if its employees in Tennessee are included. But defendant contends that its Tennessee employees cannot be included because they are not protected by Florida law, the FCRA.

  According to the defendant, its Tennessee employees do not count towards the minimum fifteen necessary to establish its status as an employer under chapter 760.02(7), supra. Defendant offers two arguments on this point. First, the defendant contends that the court should defer to an administrative interpretation of chapter 760.02(7). Second, the defendant argues that its out-of-state employees should not be counted under the FCRA because, in Title VII cases, federal courts have refused to count non-American employees working for foreign corporations in foreign countries.

  The starting point for interpreting any statute is its plain language, see Ross v. Gore, 48 So.2d 412, 415 (Fla. 1950), and the plain language of the FCRA indicates that the statute is parochial in nature and effect. See FLA. STAT. ch. 760.01(2). In announcing the FCRA's general purposes, chapter 760.01(02) states:

    The general purposes of the [FCRA] are to secure for all individuals

2

> **within the state** freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against **domestic** strife and unrest, to preserve the public safety, health and general welfare, and to promote the interests, rights, and privileges of individuals **within the state**.

Id. (emphasis added). The statute's text makes clear that the legislature's concern in enacting the FCRA was parochial, and therefore, counting employees of a foreign corporation who are working in other states is profoundly inconsistent with the parochial concerns of the FCRA.

Defendant offers Palermo v. Kuppenheimer Mfg. Co., Inc., 11 FALR 4860, FCHR Case No. 88-4908 (May 2, 1989), as authority for its argument that out-of-state employees are irrelevant for purposes of establishing the FCRA's minimum number of employees. The Eleventh Circuit has said that an agency's interpretation of discrimination statutes is "entitled to great deference." EEOC v. Kloster Cruise, Ltd., 888 F. Supp. 147, 150 (S.D. Fla. 1995) (citing Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995)). Although both Kloster Cruise and Dawson dealt with the EEOC's interpretation of Title VII, their principles reach this case because, like the EEOC is charged with enforcing Title VII, the Florida Commission on Human Rights is charged with enforcing the FCRA. Further, if one theme is constant in employment discrimination decisions of the Eleventh Circuit, it is this: the FCRA and Title VII are governed by the same legal principles. See, e.g., Florida Dep't of Community Affairs v. Bryant, 586 So.2d 1205 (Fla. 1st DCA 1991). That is, actions under the FCRA are not subject to different analytical principles than are Title VII actions. The court therefore concludes that it should defer to Palermo's reading of chapter 760.02(7) and exclude out-of-state

3

employees for purposes of establishing defendant's status as an employer. Finally, given the FCRA's parochial premise, the court cannot say that <u>Palermo</u>'s interpretation of chapter 760.02(7) was arbitrary, capricious, or manifestly contrary to the statute, and that is the standard the court must apply. <u>See</u> <u>Dawson v. Scott</u>, 50 F.3d at 886 and <u>see</u> <u>also</u> <u>Department of Envtl. Reg. v. Goldring</u>, 477 So.2d 532, 534 (Fla. 1985).

Turning to defendant's second argument, the court notes that many district courts have refused to count foreign employees of foreign corporations when determining whether a defendant is an employer under Title VII. The *ratio decidendi* which leads federal courts to exclude foreign employees is that those employees are not protected by Title VII. <u>See</u>, e.g., <u>Morelli v. Cedel</u>, No. 96 Civ. 2874 (MBM), 1997 WL 61499 (S.D.N.Y. Feb. 13, 1997). <u>Morelli</u> refused to count such employees because "[f]oreign employees are not counted toward the statutory minimum . . . both because they are not "employees" protected by [Title VII], . . . and because [Title VII] does not apply to the foreign operations of a foreign company[.]" <u>Id.</u>, at * 3-4. That rationale also applies here because the defendant's employees in Tennessee are, from a legal and logical standpoint, indistinguishable from the foreign employees in Title VII cases.

As the chapter 760.01(2) makes clear, the defendant's employees in Tennessee are not covered by the FCRA. Further, it is beyond debate that the FCRA does not govern the defendant's operations in Tennessee. Therefore, the court concludes that out-of-state employees of a foreign corporation may not be counted to determine whether a defendant is an employer under the FCRA. The Eleventh Circuit's demand for consistency between Title VII and FCRA analyses permits no

CASE NO. 96-8365-CIV-HURLEY

other conclusion. Accordingly, it is hereby

**ORDERED** and **ADJUDGED**:

1. That the defendant's motion for summary judgment is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. Any other pending motions are **DENIED** as moot.

4. The Clerk of the Court shall **CLOSE** the file.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 21 day of February, 1998.

Daniel T. K. Hurley
United States District Judge

Copy furnished:

Isidro M. Garcia, Esq.
The Citizens Bldg.
105 South Narcissus Avenue
West Palm Beach, FL 33401
561-832-8033

Vasilis C. Katsafanas, Esq.
209 East Ridgewood Street
Orlando, Florida 32801
407-839-8910